JS-6 O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-06363 ODW (CTx) | Date | November 24, 2010 |
|---|---|---|---|
| Title | *Jeffrey W. Cheske v. Matthew Waring, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Tanya Durant | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff(s):<br>Not Present | | Attorneys Present for Defendant(s):<br>Not Present | |

**Proceedings (In Chambers):** **Granting Defendants' Motion to Dismiss [6]**

Currently before the Court is Defendants, Matthew Waring ("Waring") and MBW Motorcycle Products, Inc.'s ("MBW" and collectively, "Defendants") Motion to Dismiss Plaintiff, Jeffrey W. Cheske's ("Plaintiff"), Complaint. (Dkt. No. 6.) Having considered the matter, the Court deems it appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons discussed below, the motion is **GRANTED.**

## I. BACKGROUND

The Complaint alleges the following:

Plaintiff owned, Gargoyle Custom, a business specializing in the design and manufacturing of custom machined parts for motorcycles and automobiles. Sometime between 2005 to 2006, Plaintiff entered into a business relationship with Waring, and his company, MBW, a Rhode Island corporation which markets and sells motorcycle products. The relationship deteriorated, and ultimately, ended up in civil litigation. MBW sued Plaintiff alleging that Plaintiff was illegally manufacturing and selling MBW parts.

The parties eventually settled the matter entering into a Settlement Agreement (the "Agreement") whereby Plaintiff agreed, among other things, not to sell or manufacture a list of MBW parts. Despite the Agreement, MBW began making threatening calls to Plaintiff's business contacts informing them that business deals for motorcycle parts with Plaintiff violated the terms of the Agreement. MBW further informed Plaintiff's business contacts that any dealings with Plaintiff may potentially result in litigation with MBW.

Based on the foregoing, Plaintiff instituted this action claiming: (1) Breach of Contract; and (2) Intentional Interference with Prospective Economic Advantage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06363 ODW (CTx) | Date | November 24, 2010 |
|---|---|---|---|
| Title | *Jeffrey W. Cheske v. Matthew Waring, et al.* | | |

**II.   DISCUSSION**

Defendants argue: (1) the Breach of Contract claim is based on an alleged contractual provision that does not exist in the Agreement; and (2) the Intentional Interference with Prospective Economic Advantage claim is barred by the statute of limitations.

   **A.   BREACH OF CONTRACT**

The Complaint alleges, in pertinent part: "One of the terms of the written agreement was that Defendants would not engage in any tortious [sic] or other unlawful behavior against Plaintiff or his business with respect to the sale and manufacture of any parts not specifically identified therein." (Compl. ¶ 7.) Defendants argue that no such provisions exist in the Agreement. (Mot. 2-3.) Plaintiff does not dispute that such terms are not expressly stated in the Agreement. (Pl.'s Opp'n 3.) Accordingly, to the extent that the Complaint alleges a Breach of Written Contract, the Court **GRANTS** Defendants' Motion.

In addition, to the extent the Plaintiff now argues that the above mentioned allegation was an oral agreement, the Court finds that the statute of limitations bars Plaintiff's assertion of a Breach of Oral Contract claim. Specifically, under California law, claims for breach of an implied or oral contract are governed by a two-year statute of limitations. *See* Cal. Civ. Proc. Code § 339(1) ("[a]n action upon a contract, obligation or liability not founded upon an instrument of writing" must be filed "[w]ithin two years"). Also, such claims accrue at the time of breach. *See Menefee v. Ostawari*, 228 Cal. App. 3d 239, 278 (Ct. App. 1991) ("a cause of action for breach of contract ordinarily accrues at the time of breach regardless of whether any substantial damage is apparent or ascertainable"); *In re Estate of Fincher*, 119 Cal. App. 3d 343 (Ct. App. 1981) ("The general rule is that a suit for breach of an implied agreement accrues at the time of the breach."). Plaintiff alleges that the breach occurred from 2006 through the middle of 2007. (Compl. ¶ 13.) The Complaint was filed on May 24, 2010. As such, Plaintiff is barred from asserting a Breach of Contract claim based on an oral contract at this time. Hence, the Court **GRANTS** Defendants' Motion as to the Breach of Contract claim, Oral or Written.

   **B.   INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

Plaintiff's second claim in the Complaint is captioned and referenced throughout as "Intentional Interference with Prospective Economic Advantage." Nevertheless, Plaintiff avers that the gravamen of this claim actually establishes the related tort, Intentional Interference with Contractual Relations. (Pl.'s Opp'n 4.) Defendants respond arguing that, despite Plaintiff's improper attempt to amend the Complaint, the statute of limitations bars both the Intentional Interference with

JS-6  O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06363 ODW (CTx) | Date | November 24, 2010 |
|---|---|---|---|
| Title | *Jeffrey W. Cheske v. Matthew Waring, et al.* | | |

Contractual Relations and the Interference with Prospective Economic Advantages claims. (Reply 3-5.) The Court agrees.

The statute of limitations is two years for both claims. *See* Cal. Code Civ. Proc. § 339(1); *see also Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168, 90 (Ct. App. 1999). Plaintiff alleges Defendants' tortious conduct occurred sometime in mid 2007. (Compl. ¶ 19.) As such, both claims, whichever way they have been or should have been pled, are time barred. Hence, the Court **GRANTS** Defendants' Motion as to Plaintiff's second claim.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss in its entirety.

The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

---- : 00

Initials of Preparer   RGN