O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 10-06363 ODW(Ex) | Date | February 15, 2011 |
|---|---|---|---|
| Title | *Jeffrey W. Cheske v. Matthew Waring, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):**   Order Granting in Part and Denying in Part MBW Motorcycle Products, Inc.'s Motion for Attorneys' Fees [17]

Currently before the Court is Defendant MBW Motorcycle Products, Inc.'s ("MBW") Motion for Attorneys' Fees ("Motion"). (Dkt. No. 17.) Having considered the matter, the Court deems it appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Accordingly, the February 14, 2011 hearing is hereby vacated. For the reasons discussed below, the Court **GRANTS in part and DENIES in part** the Motion awarding MBW in the amount of $10,200.00.

## I.   BACKGROUND

Plaintiff Jeffrey W. Cheske ("Plaintiff") owned a business specializing in the design and manufacturing of custom machined parts for motorcycles and automobiles. Sometime between 2005 to 2006, Plaintiff entered into a business relationship with Matthew Waring ("Waring") and his company, MBW (collectively "Defendants"), a Rhode Island corporation which markets and sells motorcycle products. The relationship eventually deteriorated and ended up in civil litigation. As a result, MBW sued Plaintiff alleging that Plaintiff was illegally manufacturing and selling MBW parts. The parties eventually settled that case entering into a Settlement Agreement ("Agreement") whereby Plaintiff agreed, among other things, not to sell or manufacture a list of MBW parts.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06363 ODW(Ex) | Date | February 15, 2011 |
|---|---|---|---|
| Title | *Jeffrey W. Cheske v. Matthew Waring, et al.* | | |

  Despite the Agreement, Plaintiff alleges that MBW began making threatening calls to Plaintiff's business contacts informing them that business deals for motorcycle parts with Plaintiff violated the terms of the Agreement and that any dealings with Plaintiff may potentially result in litigation with MBW. Based on the foregoing, Plaintiff filed this action claiming: (1) Breach of Contract; and (2) Intentional Interference with Prospective Economic Advantage. Defendants subsequently filed a Motion to Dismiss, which the Court granted on November 24, 2010. (Dkt. Nos. 6, 14.) Pursuant to the Agreement, Defendant now seeks to recover $14,500.00 in attorneys' fees.

## II. LEGAL STANDARD

  A reasonable fee award is initially determined by calculating the "lodestar" figure: the number of hours reasonably expended multiplied by a reasonable hourly rate. *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). "The fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates*, 987 F.2d at 1397. "Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

  The determination of the number of hours reasonably expended is also informed by the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975). The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06363 ODW(Ex) | Date | February 15, 2011 |
|---|---|---|---|
| Title | *Jeffrey W. Cheske v. Matthew Waring, et al.* | | |

the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 69-70. Further, a district court may depart from the lodestar amount if doing so is "necessary to the determination of a reasonable fee." *City of Burlington v. Dague*, 505 U.S. at 562 (quotations and citation omitted). If the court determines that such departure is necessary, the court must provide a "concise but clear" explanation for the reduction. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting *Hensley*, 461 U.S. at 437). The Ninth Circuit has made clear that "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Gates*, 987 F.2d at 1399.

Once the district court has established the number of hours reasonably expended, the court must determine a reasonable hourly rate taking into account "the experience, skill, and reputation of the attorney requesting fees." *Chalmers*, 796 F.2d at 1210. In making this determination, the district court should look to the rates charged for similar services by comparable lawyers in the relevant community. *Id.* at 1210-11.

### III. DISCUSSION

MBW requests $12,750.00 in attorneys' fees for 51 hours of legal work up to the preparation of this Motion. In addition, MBW requests $1,750.00 for 7 hours of anticipated work including the preparation of the reply brief and for traveling and attending the hearing for this Motion. The Motion, however, is unopposed.

#### A. REQUEST FOR INCURRED FEES

The Agreement upon which Plaintiff sued Defendants included an attorneys' fee provision stating, "[i]f litigation is required to enforce rights or obligations under this Agreement, then the prevailing party shall be entitled to recover its attorneys' fees . . . ." (Mot., Exh. A at 6.) Accordingly, the Court finds that Defendants, as the prevailing party,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06363 ODW(Ex) | Date | February 15, 2011 |
|---|---|---|---|
| Title | *Jeffrey W. Cheske v. Matthew Waring, et al.* | | |

are entitled to an award of fees pursuant to the Agreement. (Dkt. No. 16.); *see* CAL. CIV. CODE § 1717(a) (stating that in an action to enforce a contract authorizing attorneys' fees to the prevailing party, the prevailing party is entitled to reasonable attorneys' fees).

### i.     Reasonableness of Hours Expended

MBW submits an affidavit stating that the attorney has performed 51 hours of legal work on (1) reviewing the case with the client, (2) preparing a Notice of Removal, (3) preparing a Motion to Dismiss and a Reply to Plaintiff's opposition, (4) preparing a Request for Judgment, (5) preparing the instant Motion, and (6) various correspondence and telephonic meetings with opposing counsel. (Mot. at 4.) While informative, the affidavit states multiple activities for a block of time without specifying the time spent on each task. Such "block-billing" makes it impossible for the Court to determine how much time was spent on each task or whether specific entries are excessive or duplicative. *See Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (finding that district courts have "authority to reduce hours that are billed in block format" because it is difficult to evaluate the reasonableness of the hours requested). Accordingly, the Court reduces MBW's requested hours by 20% and awards compensation for 40.8 hours. *See id.* (noting California State Bar's conclusion that block billing "may increase time by 10% to 30%" and finding a 20% reduction for block-billed hours to be reasonable); *see also Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222-23 (9th Cir. 2010) (finding a 30% reduction on block-billed hours to be reasonable).

### ii.     Reasonableness of Rate Charged

MBW's affidavit also states that the hourly rate of $250.00 is "extremely reasonable compared to [ ] other firms handling similar business litigation matters in the Los Angeles area." (Mot. at 5.) A reasonable hourly rate is determined by the "market rates in the relevant community, which typically is the community in which the district court sits." *Schwartz v. Sec'y of Health & Human Servs.*, 73 F.3d 895 (9th Cir. 1995) (quotations and citations omitted). "Affidavits of the [prevailing party]'s attorney and other attorneys . . . and rate determinations in other cases . . . are satisfactory evidence" of the market rates. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). As

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-06363 ODW(Ex) | Date | February 15, 2011 |
|---|---|---|---|
| Title | *Jeffrey W. Cheske v. Matthew Waring, et al.* | | |

such, the Court finds the hourly rate of $250.00 to be reasonable based on the affidavit and the Court's own knowledge of the market rates in this district's community. *See, e.g., Winterrowd v. American Gen. Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009) (finding hourly rate of $300.00 to be reasonable). Accordingly, the Court awards MBW's compensation at the hourly rate of $250.00.

    **B.**    **REQUEST FOR ANTICIPATED FEES**

MBW requests $1,750.00 in fees for anticipated work including "5 hours on preparing a reply brief to Plaintiff's promised opposition, and an additional 2 hours to travel to and attend hearing on the matter." (Mot. at 5.) The Court denies MBW's request as to its anticipated fees because MBW's Motion was unopposed and the hearing vacated.

**IV.**   **CONCLUSION**

Based on the foregoing reasons, the Court **GRANTS in part and DENIES in part** MBW's Motion for Attorneys' Fees. Accordingly, Defendant shall recover attorneys' fees for 40.8 hours at the hourly rate of $250.00 totaling $10,200.00.

    **IT IS SO ORDERED.**

                                                                                                                   -- : 00

                                                                               Initials of Preparer    RGN